**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Movants and [Proposed]*
*Co-Lead Counsel for the Class*

[additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVIS ITO-STONE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DBV TECHNOLOGIES S.A., DANIEL TASSÉ, PIERRE-HENRI BENHAMOU, and DAVID SCHILANSKY,<br><br>Defendants. | Case No. 2:19-cv-00525-MCA-LDW<br><br>**REPLY IN FURTHER SUPPORT OF THE MOTION OF RUTH PRUITT AND ASDRUBAL DELGADO TO APPOINT LEAD PLAINTIFFS AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>**MOTION DATE: April 15, 2019** |

Movants Ruth Pruitt ("Pruitt") and Asdrubal Delgado ("Delgado" collectively, "Movants") respectfully submit this Reply in Further Support of their Motion filed on March 18, 2019 ("Motion"). Movants submitted their Motion for appointment as lead plaintiff and approval of counsel, and stated that they had suffered a loss of approximately $61,694.55 in their DBV Technologies S.A. ("DBV") securities investment. (Dkt. No. 5). No other competing movants filed motions for appointment as lead plaintiff and approval of lead counsel. Accordingly, Movants' motion for appointment as lead plaintiff and approval of counsel is unopposed by any member of the purported class.

## A.    Background

On March 26, 2019, counsel for DBV filed a letter with the Court stating that, "[w]hile DBV has no interest in which plaintiff is appointed as lead plaintiff, DBV believes that considerations of fairness and economy weigh in favor of the appointment of a single lead plaintiff." (emphasis omitted) (Dkt. No. 10). For the foregoing reasons, Movants respectfully request the Court deny DBV's request, and appoint both Pruitt and Delgado as lead plaintiff.

## B.    Argument

### 1.    Defendants Have No Standing to Oppose a Lead Plaintiff Motion

As an initial matter, DBV has no standing to oppose the appointment of Movants as lead plaintiff. §78u-4(a)(3)(B)(iii)(II) of the Exchange Act.  Indeed, the

Third Circuit has found that only members of the purported plaintiff class have standing to oppose a plaintiff's appointment as a lead plaintiff. See *In re Merck Sec. Litig.*, 432 F.3d 261 at 267 (3d Cir. 2005) (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (allowing only "a member of the purported plaintiff class" to rebut the lead plaintiff presumptions)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (holding that, "the court should not permit or consider any arguments by defendants or non-class members."). Indeed, courts in this District have found that, "Defendants lack standing to formally oppose [investors'] motion for appointment as lead counsel. . . [and] that Defendants do not have the best interest of the members of the class at heart." *Blake Partners, Inc. v. Orbcomm, Inc.*, No. CIV.A. 07-4517 (WHW), 2008 WL 2277117, at *3 (D.N.J. June 2, 2008). Accordingly, the Court should not consider DBV's opposition to the appointment of Movants as lead plaintiff.

### 2. The PSLRA Expressly Permits Groups of Investors As Lead Plaintiff

Notwithstanding the above, even if the Court were to consider DBV's suggestion to appoint only one investor as lead plaintiff, the governing law, the Private Securities Litigation Reform Act of 1995 ("PSLRA") and jurisprudence, weighs strongly in favor of appointing both Movants as Lead Plaintiff. Indeed, this Court has the authority to appoint the "member or members of the purported plaintiff class that the [C]ourt determines to be most capable of adequately

representing the interests of class members." PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(i); *In re Tyco Int'l, Ltd., Sec. Litig.*, No. 00-MD-1335, 2000 WL 1513772, at *4 (appointing three lead plaintiffs and noting that "while a group comprised of many small shareholders might be unwieldy and lack the proper incentive to serve as an effective lead plaintiff . . . a group that consists of a small number of large shareholders should be capable of managing this litigation and providing direction to class counsel.").

Courts often appoint co-lead plaintiffs to ensure that all class members are properly represented and that the potential recovery for all class members is maximized. *In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) (finding that appointing a co-lead plaintiff would provide "additional representation [that] may benefit the class and provide flexibility, if needed, in the future"), *See, e.g.*, *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (appointing co-lead plaintiffs "ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants."); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. CIV. A. 00-152 (JEI), 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000) (appointing co-lead plaintiffs "since each may bring a unique perspective to the litigation."). Accordingly,

Movants respectfully request that this Court deny DBV's suggestion and appoint both Movants as lead plaintiff.

### 3. Challenging Lead Plaintiff Adequacy Requires Actual Proof

As noted in the Movant's Motion previously submitted to the Court, Movants are the presumptive lead plaintiff and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. (Dkt. No. 5). Accordingly, the presumption that Pruitt and Delgado are the presumptively most adequate plaintiff may be rebutted only "upon proof" that they (1) "will not fairly and adequately protect the interests of the class," or (2) are "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Cendant Corp. Litig.,* 264 F.3d at 268. To provide the required "proof," DBV must offer specific evidence, and cannot rely on mere speculation, or hypothetical conflicts. *Id.*, *See also Bowers v. Tesaro Inc.*, No. 18-cv-10086-ADB, 2018 WL 2089358, at *3 (D. Mass. May 4, 2018) (collecting cases). Defendant DBV can offer no such proof or specific evidence. Instead, DBV speculates that, "considerations of fairness and economy weigh in favor of the appointment of a single lead plaintiff" (emphasis omitted) (Dkt. No. 10). Such hypothetical considerations by Defendant DBV cannot be considered as proof and do not rebut the presumption of Movants' adequacy to serve as lead plaintiff on behalf of the presumptive class. Accordingly, Movants respectfully request that

4

this Court deny DBV's suggestion and appoint both Movants as lead plaintiff.

## C.  Conclusion

Movants' motion papers previously submitted to the Court demonstrate that Movants satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure; and therefore Movants respectfully request this Court to issue an Order: (1) appointing Movants as Lead Plaintiff of this Action; (2) approving their selection of The Rosen Law Firm, P.A. and Glancy Prongay & Murray LLP as Co-Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem to be just and proper.

Dated: April 8, 2019

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq.
609 W. South Orange Ave.,
Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

**GLANCY PRONGAY & MURRAY LLP**
Lesley F. Portnoy
230 Park Ave., Suite, 530
New York, New York 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: lportnoy@glancylaw.com

5

*Counsel for Movants and [Proposed]*
*Co-Lead Counsel for the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen
Laurence M. Rosen

7