WHITE & CASE LLP
Douglas P. Baumstein (*admitted pro hac vice*)
Susan L. Grace (*admitted pro hac vice*)
Evelyn A. Fanneron
1221 Avenue of the Americas
New York, New York 10020
(212) 819-8200
dbaumstein@whitecase.com
susan.grace@whitecase.com
evelyn.fanneron@whitecase.com

*Counsel for DBV Technologies S.A.,*
*Daniel Tassé, Pierre-Henri Benhamou,*
*David Schilansky, and Susanna Mesa*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVIS ITO-STONE, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> DBV TECHNOLOGIES S.A., DANIEL TASSÉ, PIERRE-HENRI BENHAMOU, DAVID SCHILANSKY, and SUSANNA MESA, <br><br> *Defendants*. | Case No. 2:19-CV-00525-MCA-LDW <br><br> **[ORAL ARGUMENT REQUESTED]** <br><br> Motion Date: August 3, 2020 <br><br> *Document Filed Electronically* |

### REPLY BRIEF IN FURTHER SUPPORT OF DBV TECHNOLOGIES S.A., DANIEL TASSÉ, PIERRE-HENRI BENHAMOU, DAVID SCHILANSKY, AND SUSANNA MESA'S MOTION TO RE-NOTICE THE SECOND AMENDED COMPLAINT

AMERICAS 103181101

## TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................................... 1

    A.    This Action Should Be Re-Noticed Because The Majority  Of Potential Class Members Did Not Receive Notice Of This Case ...................................................... 1

    B.    The Court Should Order Republication Because The  SAC Substantially Alters The Theory Of The Case ....................................................................................... 4

    C.    The Cases Relied Upon By Plaintiffs Are Inapposite ............................................ 7

CONCLUSION ................................................................................................................... 8

i

AMERICAS 103181101

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Dube v. Signet Jewelers Ltd.,
    2017 U.S. Dist. LEXIS 57624 (S.D.N.Y. Apr. 14, 2017)...........................................................5

Hachem v. GE Inc.,
    No. 17-cv-8457 (JMF), 2018 U.S. Dist. LEXIS 62278 (S.D.N.Y. Apr. 11,
    2018) ........................................................................................................................................3

In re Cybertronics Inc. Sec. Litig.,
    468 F. Supp. 2d 936 (S.D. Tex. 2006) ..................................................................................4, 6

In re Leapfrog Enters. Sec. Litig.,
    No. 03-05421 (RMW), 2005 U.S. Dist. LEXIS 44899 (N.D. Cal. July 5, 2005)......................6

In re Thornburg Mortg., Inc., Secs. Litig.,
    629 F. Supp. 2d 1233 (D.N.M. 2009) ......................................................................................8

Ont. Teachers' Pension Plan Bd. v. Teva Pharm. Indus., Ltd.,
    No. 3:17-cv-558 (SRU), 2020 U.S. Dist. LEXIS 42686 (D. Conn. March 10,
    2020) ..................................................................................................................................6, 7, 8

Patel v. Zoompass Holdings, Inc.,
    No. 17-cv-3831, 2017 U.S. Dist. LEXIS 153765 (D.N.J. Sept. 20, 2017) ...............................4

Rauch v. Vale S.A.,
    378 F. Supp. 3d 198 (E.D.N.Y. 2019) ...................................................................................7, 8

Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,
    No. 05-cv-1898, 2005 U.S. Dist. LEXIS 10780 (S.D.N.Y. June 1, 2005) ...............................2

Thomas v. MagnaChip Semiconductor Corp.,
    No. 14-cv-01160, 2015 U.S. Dist. LEXIS 77288 (N.D. Ca. June 15, 2015)..........................5, 8

ii

DBV Technologies S.A., Daniel Tassé, Pierre-Henri Benhamou, David Schilansky, and Susanna Mesa submit this reply brief in further support of their motion to re-notice the Second Amended Class Action Complaint (Dkt. No. 38) (the "Motion" or "Mot.").[1]

## ARGUMENT

As established in Defendants' Motion, "republication is warranted where, *in light of changes in either* or both the *class period or the nature of the claims asserted*, it is 'likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice.'"  (Mot. at 5, citing Hachem v. GE Inc., No. 17-cv-8457 (JMF), 2018 U.S. Dist. LEXIS 62278, at *5 (S.D.N.Y. Apr. 11, 2018))  Here, republication is warranted both because the class period was dramatically extended and the new allegations in the amendment vastly expand and substantially alter the complaint, leaving potential plaintiffs otherwise without notice that their rights and claims are at issue in this putative class action.  (See generally Mot.)

### A. This Action Should Be Re-Noticed Because The Majority Of Potential Class Members Did Not Receive Notice Of This Case

Republication is necessary because the SAC encompasses new offerings, newly alleged false and misleading statements, and a new share price drop, capturing new putative class members who (i) may not have been members of the initial proposed class, (ii) may have disregarded the earlier notice containing a narrower class period, and/or (iii) may be a more appropriate representative than the current Lead Plaintiffs.  (Mot. at 6-7)

---

[1] The Plaintiffs' Opposition, filed on July 3, 2020 under Docket No. 41, shall be referred to herein as the "Opposition" or "Opp'n."  All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Defendants' Motion.

Plaintiffs do not dispute that, by purporting to expand the class period to March 2020, they have increased the class duration by 150% and the pool of potential lead plaintiffs commensurately.  (Mot. at 6; see generally Opp'n)[2]  Nor do they contest that the Expanded Class Period now includes new offerings during the class expansion, during which new investors likely acquired substantial DBV shares.  (Mot. at 6; see generally Opp'n)  Likewise, they do not dispute that the Expanded Class Period therefore includes new investors in the 2019 and 2020 Offerings – who would not have been included in the Initial Class Period.  (Mot. at 6; see generally Opp'n)  And, crucially, Plaintiffs do not dispute that the Expanded Class Period includes a newly alleged stock price drop on March 16, 2020 that would have affected any new individual investors in the 2019 and 2020 Offerings who held shares at that time as well as other shareholders that acquired stock at some point after the initial class period.  (Mot. at 6; see generally Opp'n)

Plaintiffs nevertheless contend that the expansion of the class period does not require republication because the length of the expansion—without the addition of new classes of securities during the expanded period—is insufficient to warrant republication.  (Opp'n at 13-15)[3]

---

[2] Inconsistently, Plaintiffs argue against re-notice where "most potential lead plaintiffs are likely eligible under either class period."  (Opp'n 12-13)  Plaintiffs, however, introduce no facts to rebut the common sense conclusion that here, where the class period is more than doubled and there have been additional offerings during the extended period, most potential class members of the Expanded Class Period likely were not eligible to lead the class for the Initial Class Period.

[3] In furtherance of this supposed requirement, Plaintiffs try to distinguish Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., No. 05-cv-1898, 2005 U.S. Dist. LEXIS 10780 (S.D.N.Y. June 1, 2005) on the basis that the amendment there added new classes of securities to the ambit of the class (Opp'n at 19) but Plaintiffs ignore that the key holding in Bombardier – that that republication is necessary where "[a]llowing plaintiffs . . . to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process" – was in no way tied or limited to some requirement that new securities be added during the class period.  See Bombardier, 2005 U.S. Dist. LEXIS 10780, at *8-9.

AMERICAS 103181101

Plaintiffs disregard that Defendants have cited cases requiring that plaintiffs re-notice an action without any new classes of securities being issued during the class period expansion.   (See Mot. at 5-7 (citing Hachem, 2018 U.S. Dist. LEXIS 62278, at *5))[4]  Moreover, courts also perform a "qualitative" analysis comparing the complaints—as Plaintiffs admit (Opp'n at 14) —to assess whether, "in light of changes in either or both the class period or the nature of the claims asserted, it is 'likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice.'" (Mot. at 5)  That is precisely the case here, as other class members who did not purchase during the Initial Class Period may have suffered significant alleged losses in 2019 and 2020 making them better suited as class representatives.  (Mot. at 6-7)  This is in no small part because—like in Hachem—the Expanded Class Period now includes a newly alleged share price drop, affecting potential plaintiffs who would not have been on notice that their rights are affected by the action.  (Mot. at 6)  See also Hachem, 2018 U.S. Dist. LEXIS 62278, at *5.

Moreover, the Plaintiffs here have not raised allegations showing that they would be the "most appropriate" class representatives for this extension.  (Mot. at 7)  In their Opposition, Plaintiffs now contend that they purchased shares during both the Initial and Extended Class Periods.  (Opp'n at 2)[5]  But the contention that Plaintiffs purportedly purchased shares during the

---

[4] Plaintiffs unsuccessfully try to distinguish Hachem on the basis that the Hachem amendment added allegations regarding a new business segment and additional stock drops.  (Opp'n at 20) That attempt to "distinguish" Hachem necessarily fails given the new stock drop alleged here.

[5] Lead Plaintiffs provided Defendants with a proposed Second Amended Complaint (the "Proposed SAC") on May 29, 2020.  The Proposed SAC did not include any allegations concerning Plaintiffs' holdings, share purchases, or stock sales during the Extended Class Period.  Based on the Parties' agreement, this Court ordered, that on June 12, 2020 the Lead Plaintiffs would file their SAC *and* Defendants would file their motion for new notice. [Dkt. Nos. 36, 37]  Unlike the Proposed SAC, the SAC as filed under Docket No. 38—the same date the Defendants' motion was

3

Extended Class Period is not enough for them to be "the most appropriate lead plaintiff"[6]—let alone counter that investors that purchased shares after the Lead Plaintiffs may be better suited as lead plaintiffs for the Expanded Class Period.  (Mot. at 7)  Rather, Plaintiffs must have purchased the shares at such a time that they relied on the alleged misstatements DBV made during the class period extension.  (Id.)  Two of the three share purchases Plaintiffs now assert they made during the Extended Class Period were small purchases of 300 shares mere days into the extension and 456 shares one month into the 15-month Extended Class Period (SAC at 109, 112), *both before* the first newly alleged false and misleading statement was purportedly made on February 13, 2019. (Id. ¶ 158)  Neither of these purchases give Plaintiffs standing to assert claims during the Extended Class Period.  (Mot. at 7)  The only purchase either Lead Plaintiff allegedly made *after* the purportedly false and misleading statements identified in the Extended Class Period was a purchase of 2000 shares by Ms. Pruitt on March 16, 2010, followed by a sale of those 2000 shares at a profit two days later (SAC at 112), significantly undermining any notion that Ms. Pruitt could be "the most appropriate lead plaintiff" during the class extension.  See Patel v. Zoompass Holdings, Inc., No. 17-cv-3831, 2017 U.S. Dist. LEXIS 153765, at *3 (D.N.J. Sept. 20, 2017) (in determining the most adequate plaintiff, "this Court must consider . . . which plaintiff has the largest financial interest in the relief sought," the "most critical" factor of which "is the approximate loss suffered").

**B. The Court Should Order Republication Because The SAC Substantially Alters The Theory Of The Case**

That the SAC encompasses new substantive factual allegations and newly alleged false and misleading statements regarding efficacy—expanding on the 15-page Initial Complaint that was

---

due—alleged for the first time that Lead Plaintiffs purchased shares during the Extended Class Period.  (See SAC [Dkt. No. 38] at 109, 112)

[6] In re Cybertronics Inc. Sec. Litig., 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006).

4

actually noticed 9-fold and resulting in a 134-page Second Amended Complaint—substantially alters the theory of the case and requires republication. (Mot. at 7-8)

Plaintiffs contend that no republication is required because the qualitative comparison between the FAC—which was never the subject of a PSLRA notice—and the SAC shows the amendments are sufficiently related to the initial claims and the SAC is a continuation of the allegations of the FAC. (Opp'n at 15-16)  That is not the standard.  It is well established, as set forth in the Motion, that courts look not only at "a comparison of the two complaints" but also "an assessment of whether, in light of the amendments, 'entire classes of potential lead plaintiffs [were] left out of the notice procedure.'"  (Mot. at 5 (citing Hachem, 2018 U.S. Dist. LEXIS 62278, at *5))  The relevant question, therefore, is to what extent the amendments in the SAC align with the information and the complaint that were noticed, and whether they bring claims and/or individuals into the action that were omitted from the notice.  (See id.)  While this may be informed by an analysis of the complaints, the proper comparison is not just between the un-noticed FAC and the SAC, but also the Initial Complaint that was subject to the Notice and the SAC.  See, e.g., Dube v. Signet Jewelers Ltd., 2017 U.S. Dist. LEXIS 57624, at *4-5 (S.D.N.Y. Apr. 14, 2017) (cited by Plaintiffs) (comparing the second amended complaint to the "original complaint," which was noticed, in determining whether republication was warranted); Thomas v. MagnaChip Semiconductor Corp., No. 14-cv-01160, 2015 U.S. Dist. LEXIS 77288, at *14-15 (N.D. Ca. June 15, 2015) (same).

Here the amendments "vastly expand[]" on the Initial Complaint and information included in the Notice, as established in the Motion, requiring republication. (Mot. at 5, 7-8 (quoting In re Leapfrog Enters. Sec. Litig., No. 03-05421 (RMW), 2005 U.S. Dist. LEXIS 44899, at *9-10 (N.D. Cal. July 5, 2005))  Indeed, Plaintiffs have not, and cannot, contest that courts addressing re-

5

noticing based on amendments adding new allegations that substantially increase the length and detail of a claim as here—a 15 page Initial Complaint expanding to a 134 page SAC—are precisely the kind of "vast" expansion that warrants republication.[7]  See In re Leapfrog Enters. Sec. Litig., 2005 U.S. Dist. LEXIS 44899, at *9-10 (republication warranted where the complaint grew from 21 to 135 pages, included new allegations, and expanded the class period from 6 to 15 months); Ont. Teachers' Pension Plan Bd. v. Teva Pharm. Indus., Ltd., No. 3:17-cv-558 (SRU), 2020 U.S. Dist. LEXIS 42686, at *10 (D. Conn. March 10, 2020) (cited by Plaintiffs) (recognizing that republication in Leapfrog was warranted because "lead plaintiff's original complaint was 21 pages and focused on the defendants' statements about LeapFrog's general financial outlook" whereas the "amended complaint was 135 pages, included far more detailed allegations about, for instance, the defendant's 'distribution and supply chain,' and expanded the class period by a factor of two-and-a-half.").

To avoid the consequences arising from the vast expansion of the allegations in the SAC, Plaintiffs argue that "the core theory in both the FAC and the SAC is that Defendants misrepresented the Viaskin Peanut patch's prospects for FDA approval," and the new allegations "are a continuation of the same misconduct the FAC alleges."  (Opp'n at 15, 17)  But, the newly pleaded efficacy allegations were not even mentioned in the Notice, nor were they detailed in the

---

[7] Plaintiffs attempt to distinguish In re Leapfrog Enters. Sec. Litig., 2005 U.S. Dist. LEXIS 44899 on the basis that the amendment adding 114 new pages to the complaint included new allegations regarding the defendant's distribution and supply chain. (See Opp'n at 19-20)  But that is no basis for distinction because (i) naturally such a long amendment would include new allegations – that is the point; and (ii) the amendment here adding 119 pages *also* adds significant substantive allegations, including regarding efficacy.  Plaintiffs' attempt to distinguish other cases fail as well. For example, Plaintiffs try to distinguish In re Cybertronics Inc. Sec. Litig., 468 F. Supp. 2d 936 (S.D. Tex 2006) on the basis that the amendment expanded the class period and the types of misrepresentations alleged – which is precisely the kinds of changes in the SAC here.  (See Opp'n at 18-19)

6

FAC.  (Mot. at 8)   Even if Plaintiffs were correct in asserting that the core theory of both the FAC and SAC is the same or that the SAC is just a continuation of the FAC (and they are not), that does not change that the Plaintiffs have added such extensive new factual and legal allegations that they have now asserted 134 pages of allegations compared to the 15 page Initial Complaint and 68 page FAC.  (Compare Initial Complaint and FAC with SAC)   That cannot be anything but a "vast expansion," particularly where those substantial additions concern a specific subset of efficacy issues during a new time period, new stock offerings, and a new share price drop precipitated by newly alleged false and misleading statements regarding efficacy.  (Mot. at 7-8)

## C. **The Cases Relied Upon By Plaintiffs Are Inapposite**

The purportedly "analogous" cases the Plaintiffs rely on to contest republication are inapposite.  (Opp'n at 17-18 (collecting cases))   Plaintiffs do not, and cannot, cite any cases denying a motion to re-notice where there were new offerings in the expanded class period, or a new alleged share price drop purportedly attributable to newly alleged false and misleading statements regarding a newly detailed factual issue.  Nor do they cite any cases where the amended complaint includes so many new factual allegations and details that it doubles the length of the FAC and increases the length of the Initial Complaint almost ten-fold.  (See generally Opp'n at 15-18)  Instead, Plaintiffs rely in significant part on cases concerning notice in consolidated actions where individual, previously filed complaints captured the new facts and legal theories pleaded in the consolidated amended complaint.  See, e.g., Teva Pharm. Indus., Ltd., 2020 U.S. Dist. LEXIS 42686, at *10 (considering a second amended complaint that "adds claims and parties to erase the differences between this case and the other three Putative Class Actions" that had been filed and were being consolidated under the SAC – of which classes of plaintiffs necessarily would have been on notice); Rauch v. Vale S.A., 378 F. Supp. 3d 198, 203-04, 206-07 (E.D.N.Y. 2019)

7

(consolidating two proceedings and finding republication was unnecessary where there were no objections to the adequacy of the notice, the amended complaint added a defendant who was already named in one of the actions being consolidated, and the expanded class period encompassed facts already alleged in the actions being consolidated). The Plaintiffs also cite cases where the amendments concern the same misrepresentations already alleged and do not incorporate any new groups of plaintiffs into the action,[8] and cases where there were no new offerings or share price drops alleged.[9] None of these cases negate that notice should be reissued where, as here, an amendment brings in a number of new potential lead plaintiffs who would not otherwise be on notice that their rights and claims are at issue in this class action.

## CONCLUSION

For the foregoing reasons, Defendants respectfully reiterate their request that this Court enter an order requiring plaintiffs Pruitt and Delgado to issue new notice of the Second Amended Complaint in accordance with the PSLRA.

[*Remainder of page intentionally blank*]

---

[8] Thomas, 2015 U.S. Dist. LEXIS 77288, at *15 (not requiring republication where the "same misrepresentations" were at issue and "[n]o new . . . groups of plaintiffs have been added").

[9] See, e.g., id.; In re Thornburg Mortg., Inc., Secs. Litig., 629 F. Supp. 2d 1233 (D.N.M. 2009) (noting it was unclear whether the defendants even sought republication, and not concerning new allegations encompassing any additional share offerings or share price drops); Teva Pharm. Indus., Ltd., 2020 U.S. Dist. LEXIS 42686, at *10; Rauch, 378 F. Supp. 3d 198.

8

Date: July 17, 2020                              WHITE & CASE LLP


                                                 */s/ Evelyn A. Fanneron*
                                                 Evelyn A. Fanneron
                                                 Douglas P. Baumstein (*admitted pro hac vice*)
                                                 Susan L. Grace (*admitted pro hac vice*)
                                                 WHITE & CASE LLP
                                                 1221 Avenue of the Americas
                                                 New York, New York 10020
                                                 (212) 819-8200
                                                 evelyn.fanneron@whitecase.com
                                                 dbaumstein@whitecase.com
                                                 susan.grace@whitecase.com

                                                 *DBV Technologies S.A., Daniel Tassé,*
                                                 *Pierre-Henri Benhamou, David Schilansky,*
                                                 *and Susanna Mesa*

9

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 14(b)(1), I hereby certify that, on July 17, 2020, the foregoing Opening Brief in Support of DBV Technologies S.A., Daniel Tassé, Pierre-Henri Benhamou, David Schilansky, and Susanna Mesa's Motion to Re-Notice was filed electronically with the United States District Court for the District of New Jersey through the Court's ECF System, which constitutes service on all parties under Local Civil Rule 5.2.

Dated: July 17, 2020

/s/ Evelyn A. Fanneron
Evelyn A. Fanneron